## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### (NORTHERN DIVISION)

JESUS NEHEMIAS MONTANO GUILLEN
17604 Silver Dollar Court
Gaithersburg, MD 20877

Civil Action No.: 20-55

    *Plaintiff*,

     v.

PRO SERVICES, LLC
5735 B Industry Lane
Suite 203
Frederick, Maryland 21704

Serve: Luis A. Serrano, Resident Agent
      3774 Hope Commons Circle
      Frederick, Maryland 21704

RED CRISTIANA, INC.
3774 Hope Commons Circle
Frederick, Maryland 21704

Serve: Luis A. Serrano, Resident Agent
      3774 Hope Commons Circle
      Frederick, Maryland 21704

LUIS A. SERRANO
3774 Hope Commons Circle
Frederick, Maryland 21704

MARIA SERRANO
3774 Hope Commons Circle
Frederick, Maryland 21704

SAMUEL SERRANO
3774 Hope Commons Circle
Frederick, Maryland 21704

YOLANDA SERRANO
3774 Hope Commons Circle
Frederick, Maryland 21704

    *Defendants*.

## COMPLAINT

Plaintiff, Jesus Nehemias Montano Guillen ("Plaintiff") brings this action against Defendants, Pro Services, LLC, ("Pro Services"), Red Cristiana, Inc., ("Red Cristiana"), Luis A. Serrano ("L. Serrano"), Maria Serrano ("M. Serrano"), Samuel Serrano ("S. Serrano") and Yolanda Serrano ("Y. Serrano") (collectively the "Defendants"), for violations of Plaintiff's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. §§ 3-415 and 3-427; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., §§ 3-505 and 3-507.2. In support, Plaintiff alleges as follows:

## THE PARTIES

1.      Plaintiff is an adult resident of Montgomery County, Maryland and was employed by Defendants as a "laborer" from in or around December 2018, to on or about July 8, 2019. During this time period, Plaintiff performed work for the Defendants in Maryland, Virginia and the District of Columbia.

2.      Pro Services is a limited liability company organized under the laws of the state of Maryland that provides home remodeling services in Maryland, Virginia and the District of Columbia. Pro Services was Plaintiff's "employer" as that term is defined within the FLSA, MWHL and the MWPCL because, through its agents, owners, officers and/or members, it employed the Plaintiff directly, hired him, set his rate of pay, set the terms and conditions of his employment, set his schedule, directed him in the performance of his work, maintained employment records for Plaintiff, disciplined him, and paid him his wages. Pro Services meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203(s)(1)(A)(i), as it, either alone or collectively, has: (1) employees engaged in commerce or the production of goods for commerce or

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

3.      Red Cristiana is a non-profit corporation organized under the laws of the state of Maryland. Red Cristiana was created for the purpose of establishing, overseeing and maintaining a church, of which L. Serrano is the pastor, and where Plaintiff performed some of the work that is the subject of this Complaint. Red Cristiana was a joint-employer of the Plaintiff because: (1) both formally and as a matter of practice, it had the power to direct, control or supervise the Plaintiff in the performance of his work; (2) both formally and as a matter of practice, it had the power to hire and fire Plaintiff and/or to modify the terms and conditions of Plaintiff's employment; (3) it was, in part, under the common ownership of L. Serrano and Y. Serrano, who exercised control over Red Cristiana; (4) the work at issue was performed on a premises which was, in part, under the control of L. Serrano and Y. Serrano; and (5) both formally and as a matter of practice, it shared responsibility of functions ordinarily carried out by an employer, including but not limited to setting the Plaintiff's schedule, determining his rate of pay, and paying him directly. Red Cristiana, meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203 (r)(1) and (s)(1), because it has employees engaged in commerce or the production of goods for commerce; or (2) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

4.      L. Serrano is an owner, and/or member of Pro Services and Red Cristiana. He is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because he: (1) is an owner and/or member of Pro Services and Red Cristiana and has functional and operational control over thier day-to-day affairs and is significantly involved in thier operations; (2) controlled

the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits; (3) controlled the terms and conditions of Plaintiff's employment, including setting Plaintiff's rate of pay and actually paying Plaintiff by handing him his pay check; (4) made decisions about how many hours Plaintiff was paid for and when he was paid; (5) set the Plaintiff's work schedule and directed Plaintiff in the performance of his work; (6) provided Plaintiff with the tools and materials necessary to do his work; (7) maintained employment records; (8) could discipline the Plaintiff; and (9) had authority to hire and fire Plaintiff and did in fact hire Plaintiff.

5.      Y. Serrano is an owner, and/or member of Pro Services and Red Cristiana. She is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because she: (1) is an owner and/or member of Pro Services and Red Cristiana and was involved in their day-to-day affairs. Specifically, Y. Serrano was usually present at the offices of Pro Services, and on many occasions also present on the job sites and she was present at the church when Plaintiff did work for Red Cristiana; (2) controlled the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits. Specifically, she signed the majority of Plaintiff's paychecks, on behalf of both Pro Services and Red Cristiana; (3) could discipline the Plaintiff and other employees of Pro Services and/or Red Cristiana; and (4) had authority to hire and fire Plaintiff.

6.      M. Serrano is an employee of Pro Services with managerial authority over Plaintiff. M. Serrano is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because she: (1) is an employee of Pro Services with functional and operational control over its day-to-day affairs and is significantly involved in its operations. Specifically, she performs, *inter alia*, the administrative and human resources functions for Pro Services; (2) controlled the corporate funds which were used to pay Plaintiff and other employees; (3) maintained time records and determined how many hours employees would be paid for based on records which were

submitted to her; (4) signed and distributed pay checks in Y. Serrano's absence, including Plaintiff's pay checks; (5) on information and belief, was partly involved in the decision to make unlawful deductions from Plaintiff's pay and not pay Plaintiff for all hours worked; (6) maintained employment records;  and (7) could discipline the Plaintiff.

7.     S. Serrano is an owner, manager, and/or member of Pro Services, He is an employer of Plaintiff within the meaning of the FLSA, the MWHL and the MWPCL because he: (1) is an owner, manager, and/or member of Pro Services and has functional and operational control over its day-to-day affairs and is significantly involved in its operations; (2) controlled the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits. Specifically he would hand Plaintiff his paycheck on many occasions; (3) controlled the terms and conditions of Plaintiff's employment, including determining Plaintiff's rate of pay; (4) made unlawful deductions from Plaintiff's pay; (5) set the Plaintiff's work schedule and directed Plaintiff in the performance of his work; (6) provided Plaintiff with the tools and materials necessary to do his work; (7) disciplined the Plaintiff; and (8) had authority to hire and fire Plaintiff.

## JURISDICTION

8.     The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

9.     This Court has *in personam* jurisdiction over Defendants because they conduct business in the State of Maryland and because the majority of the events giving rise to these claims occurred in Maryland.

## STATEMENT OF FACTS

10.     Plaintiff worked for the Defendants as a laborer from on or about December 17, 2018 to on or about July 8, 2019, when he resigned.

11.     At all times relevant to this Complaint, Plaintiff was paid on an hourly basis at the rate of $25.00 per hour.

12.     Plaintiff typically worked Monday to Friday each week and very often would also work on Saturdays at, among other places, a church which was operated by Red Cristiana, L. Serrano and Y. Serrano. Plaintiff usually worked from 8:00 a.m. to 5:00 or 6:00 p.m. and took a 30-minute lunch break. On average, Plaintiff worked between 8.5 to 9.5 hours a day, 6 days per week, which is approximately 11 to 17 hours of overtime each week. The exact hours Plaintiff worked are readily ascertainable from his time records which are in the Defendants' exclusive possession.

13.     Defendants paid Plaintiff at his regular rate ($25.00 per hour) only and never paid him an overtime premium equal to one and one-half times his regular rate. Plaintiff was paid wages using a payroll check. However, Defendants would pay Plaintiff separately for the work he performed at L. Serrano's and Y. Serrano's church with a check drawn on Red Cristiana's bank account and usually signed by Y. Serrano or L. Serrano.

14.     Defendants also regularly failed to pay Plaintiff any compensation at all for approximately 2-3 hours of work time each week during the entire time he was employed. During the final pay-period that Plaintiff worked (6/30/2019 to 7/13/2019) and Defendants failed to pay Plaintiff anything at all for 9 hours of work.

15.     Defendants also made unlawful deductions, without Plaintiff's prior knowledge or approval, from his final check (dated 7/24/2019) totaling $467.50.

16.     Plaintiff's last day of work was July 8, 2019.

17.     Plaintiff is not in possession of his time and payroll records. Those records are in the exclusive possession of the Defendants.

**COUNT I**
**VIOLATIONS OF THE FLSA**
**29 U.S.C. §§ 201 – 216 (b)**

18.     Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

19.     At all times relevant to this Complaint, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

20.     At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

21.     During all times relevant to this Complaint, Plaintiff was engaged in commerce or the production of goods for commerce and/or handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce. Plaintiff was regularly required to cross state-lines during the course of the work day and he transported materials across state lines in the course of his employment which he then used on construction jobs that he worked on for the Defendants.

22.     Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for each hour over 40 that he worked and failing to pay Plaintiff for all hours worked (including straight and overtime hours). Additionally, due to the unlawful deductions from his pay, in some weeks, Plaintiff may not have been paid minimum wage for all hours worked.

23.     Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith and therefore the statute of limitations is three years and Plaintiff is entitled to liquidated damages.

24.     Defendants are liable to Plaintiff under 29 U.S.C. § 216 (b), for unpaid, and illegally withheld straight time, overtime time and minimum wages, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

**COUNT II**
**VIOLATIONS OF THE MWHL**
**Md. Code Ann., Lab. & Empl. § 3-420**

25.     Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

26.     At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the MWHL.

27.     At all times relevant to this Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the MWHL.

28.     Defendants violated the MWHL by failing to pay Plaintiff at one and one-half times his regular hourly rate for each hour over 40 that he worked.

29.     Defendants did not act in good faith, entitling Plaintiff to liquidated damages. The statute of limitations is three years, regardless of whether Defendants acted willfully.

30.     As a result, Defendants are liable to Plaintiff pursuant to the MWHL for his unpaid and illegally withheld straight time, overtime and minimum wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT III
## VIOLATIONS OF THE MWPCL
### Md. Code Ann., Lab. & Empl. §§ 3-501 – 3-509

31.     Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

32.     Defendants knowingly and willfully violated Plaintiff's rights, under the MWPCL by failing to pay Plaintiff an overtime premium for his overtime hours, and by failing to pay Plaintiff anything at all for all for some hours he worked, including hours under 40 and hours over 40 in a work week and failed to pay him even the applicable minimum wage in some instances.

33.     In addition to failing to pay Plaintiff an overtime premium, Defendants routinely underpaid Plaintiff by 4-6 hours each pay period, failed to pay him for 9 hours of work time on his final check that he was entitled to and made unlawful deductions from Plaintiff's final paycheck (that he did not authorize or approve) in the amount of $467.50.

34.     There may be other instances of underpayment that are not known to Plaintiff but are evident from the Plaintiff's time and payroll records which are in the possession of the Defendants.

35.     Defendants' unlawful failure or refusal to pay the required wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

36.     The statute of limitations under the MWPCL is three years and two weeks.

37.     Defendants are liable to Plaintiff pursuant to the MWPCL for illegally withheld straight-time and overtime wages and minimum wages for the statutory period, an additional amount equal to double or treble the unpaid wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

a)      enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

b)      enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages and an equal sum as liquidated damages;

c)      enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld straight-time, overtime and minimum wages and a sum equal to double or treble liquidated damages under the MWPCL;

d)      award Plaintiff his costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. §§ 3-427 (a) and 3-507.2; and

e)      permanently enjoin Defendants from committing further violations of the FLSA the MWHL and the MWPCL.

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy, MD Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiff*